IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


KENTLIN HOPKINS,                         :
                                         :
            Plaintiff                    :
                                         :
      v.                                 :    CIVIL NO. 3:CV-15-515
                                         :
LUZERNE CO. DISTRICT ATTORNEY'S          :    (Judge Conaboy)
OFFICE, ET AL.,                          :
                                         :
            Defendants                   :
_____

**MEMORANDUM**
**Background**

     Kentlin Hopkins (Plaintiff), an inmate presently confined at

the Luzerne County Correctional Facility, Wilkes-Barre,

Pennsylvania, initiated this pro se civil rights action pursuant to

42 U.S.C. § 1983.  The Plaintiff has also submitted an in forma

pauperis application.[1]

     Named as Defendants are the Luzerne County District

Attorney's Office and the Luzerne County Correctional Facility.

Plaintiff states that on Tuesday, March 10, 2015 he was made aware

that the Luzerne County District Attorney had placed his life in

danger .  See Doc. 1, ¶ IV(1).  The Complaint vaguely alleges that

two known street gang members were allegedly "given paperwork"

listing Plaintiff's name and describing him as being a possible

_____

1.  Hopkins completed this Court's form application to proceed in
forma pauperis and authorization to have funds deducted from his
prison account.  The Court then issued an Administrative Order
directing the Warden at his present place of confinement to
commence deducting the full filing fee from Plaintiff's prison
trust fund account.

1

witness in a criminal case against those two gang members.  <u>Id</u>. at

(2).  As a result of that purported conduct, Plaintiff claims that

his safety has been put at risk.  There are no other allegations

set forth in the Complaint.  Plaintiff seeks compensatory damages.

<u>**Discussion**</u>

28 U.S.C. § 1915 imposes obligations on prisoners who file

civil actions in federal court and wish to proceed <u>in</u> <u>forma</u>

<u>pauperis</u> under 28 U.S.C. § 1915, <u>e.g.</u>, that the full filing fee

ultimately must be paid (at least in a non-habeas suit)  §

1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion
> thereof, that may have been paid, the court shall
> dismiss the case at any time if the court determines
> that (A) the allegation of poverty is untrue; or (B)
> the action or appeal (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be
> granted; or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

When considering a complaint accompanied by a motion to

proceed <u>in</u> <u>forma</u> <u>pauperis</u>, a district court may rule that process

should not be issued if the complaint is malicious, presents an

indisputably meritless legal theory, or is predicated on clearly

baseless factual contentions.  <u>Neitzke v. Williams</u>, 490 U.S. 319,

327-28 (1989); <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir.

1989).  Indisputably meritless legal theories are those "in which

either it is readily apparent that the plaintiff's complaint lacks

an arguable basis in law or that the defendants are clearly

entitled to immunity from suit ... ."  <u>Roman v. Jeffes</u>, 904 F.2d

192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277,

1278 (11th Cir. 1990)).

2

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of <u>in</u> <u>forma</u> <u>pauperis</u> claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995).  It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

**<u>Luzerne County Correctional Facility</u>**

Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability. <u>See</u> <u>Fischer v. Cahill</u>, 474 F.2d 991, 992 (3d Cir. 1973); <u>Philogene v. Adams County Prison</u>, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); <u>Sponsler v. Berks County Prison</u>, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995).  Pursuant to the above standards, the Luzerne County Correctional facility  is clearly not a person and therefore not subject to civil rights liability. <u>See</u> <u>Thompkins v. Doe</u>, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).

It is also noted that there are no factual allegations set forth in the Complaint whatsoever that any prison official engaged in any conduct which violated the Plaintiff's constitutional rights.  There is also no claim by Plaintiff that his constitutional rights were violated as the result of any policy, custom or practice of the Luzerne County Correctional Facility.

3

See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 690-91 (1978).

## **<u>District Attorney's Office</u>**

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of  law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995); <u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Claims brought under § 1983 cannot be premised on a theory of <u>respondeat superior</u>.  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077 (3d Cir. 1976).  As explained in <u>Rode</u>:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . .  [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

<u>Rode</u>, 845 F.2d at 1207.

A municipal body or other local governmental unit, not part of a state for Eleventh Amendment purposes, is a "person" subject to suit under 42 U.S.C. § 1983.  <u>Monell</u>, 436 U.S. at 690-91 ("Congress <u>did</u> intend municipalities and other local government

4

units to be included among those persons to whom § 1983 applies.")
"Local governing bodies, like every other § 1983 'person,' by the
very terms of the statute, may be sued for constitutional
deprivations visited pursuant to governmental 'custom' even though
such a custom has not received formal approval through the body's
official decisionmaking channels." Id.  See also Board of County
Comm'rs of Bryan County, OK v. Brown, 520 U.S. 398, 403-07 (1997);
Roman v. Jeffes, 904 F.2d 192, 196-97 (3d Cir. 1990); Illiano v.
Clay Township, 892 F. Supp. 117, 121 (E.D. Pa. 1995).

       However, it has been repeatedly held that a municipality may
not be subjected to § 1983 liability on a theory of respondeat
superior.  Bryan County, 520 U.S. at 403; City of Canton v. Harris,
489 U.S. 378, 392 (1989); Pembaur v. Cincinnati, 475 U.S. 469, 478-
79 (1986); Monell, 436 U.S. at 691; Beck v. City of Pittsburgh, 89
F.3d 966, 971 (3d Cir. 1996); Andrews v. City of Philadelphia, 895
F.2d 1469, 1480 (3d Cir. 1990).  Rather, "... a plaintiff seeking
to impose liability on a municipality under § 1983 [is required] to
identify a municipal 'policy' or 'custom' that caused the
plaintiff's injury." Bryan County, 520 U.S. at 403; Beck, 89 F.3d
at 971.  In Bryan County, the United States Supreme Court
elaborated on the showing required for municipal liability under §
1983, stating:

              . . . [I]t is not enough for a § 1983
              plaintiff merely to identify conduct
              properly attributable to the municipality.
              The plaintiff must also demonstrate that
              through its deliberate conduct, the
              municipality was the 'moving force' behind
              the injury alleged.  That is, a plaintiff
              must show that the municipal action was
              taken with the requisite degree of
              culpability and must demonstrate a direct

5

> causal link between the municipal action
> and the deprivation of federal rights.

Id. at 404; see Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir.

1996).

    The United States Court of Appeals for the Third Circuit has

held that a municipality can be held liable under § 1983 "only when

'execution of a government's policy or custom, whether made by its

lawmakers or by those whose edicts or acts may fairly be said to

represent official policy, inflicts the injury.'" Andrews, 895

F.2d at 1480 (citing Monell, 436 U.S. at 694).[2]

    A review of the present complaint establishes that Hopkins

has not set forth any claim that his constitutional rights were

violated as the result of any Luzerne County District Attorney's

Office policy or custom.  Consequently, the District Attorney's

Office, which is clearly a local government unit, is also entitled

to entry of summary dismissal.

---

2.   There are two ways in which a governmental policy or custom is
established:

> Policy is made when a 'decisionmaker
> possess[ing] final authority to establish
> municipal policy with respect to the
> action' issues an official proclamation,
> policy, or edict. Pembaur v. City of
> Cincinnati, 475 U.S. 469, 481, 106 S. Ct.
> 1292, 1299, 89 L. Ed. 2d 452 (1986).  A
> course of conduct is considered to be a
> 'custom' when, though not authorized by
> law, 'such practices of state officials
> [are] so permanent and well settled' as to
> virtually constitute law.  Monell, 436
> U.S. at 690, 98 S. Ct. at 2035 (quoting
> Adickes v. S.H. Kress & Co., 398 U.S. 144,
> 167-68, 90 S. Ct. 1598, 1613-14, 26 L. Ed.
> 2d 142 (1970)).  Accord Anela v. City of
> Wildwood, 790 F.2d 1063, 1067 (3d Cir.
> 1986).

It is additionally noted that although no individual employee of the District Attorney's Office is named as a defendant in this matter, there is no assertion that the alleged improper release of personal information was undertaken by a employee of the District Attorney's Office as part of that person's administrative or investigative duties.

It is a well-established principle of law that a state prosecuting attorney is absolutely immune from liability for damage under § 1983 for acts such as the initiation of the prosecution and presentation of the state's case which are intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996). However, only qualified immunity is available to prosecutors with regard to allegations based on their administrative and/or investigative duties. See Hawk v. Brosha, 590 F. Supp. 337, 344 (E.D. Pa. 1984).

**Emotional Injury**

Finally, Plaintiff is not entitled to recover compensatory damages for mental anguish or emotional injury. 42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In Allah v. Al-Hafeez, 226 F.3d 247,250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages. However, the Third Circuit Court of Appeals added that an inmate alleging a violation of his constitutional

7

rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm.

Under the standards announced in <u>Allah</u>, Plaintiff's request for monetary relief to the extent that it seeks compensatory damages for emotional and mental injuries for violation of his constitutional rights is barred by Section 1997e(e).

**<u>Conclusion</u>**

Since Hopkins' Complaint is "based on an indisputably meritless legal theory," his pending claims will be dismissed, without prejudice, as legally frivolous. <u>Wilson</u>, 878 F.2d at 774. An appropriate Order will enter.

<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge

DATED: APRIL 6, 2015